IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHRISTOPHER AYASH,

               Plaintiff,

v.                                                       CIVIL ACTION NO.   2:24-cv-00720

DAVID BARNETTE
and KARL HAMM,

               Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendants' Motion to File Under Seal Certain Documents to be Attached to "Defendants' Motion to Dismiss Plaintiff's 'Complaint,' or, in the Alternative, for Summary Judgment in Favor of Defendants"* (Document 7) and *Memorandum of Law in Support* (Document 8), the *Plaintiff's Motion to File Under Seal* (Document 10) and *Memorandum of Law in Support* (Document 11), and the *Defendants' Motion to File Under Seal Unredacted Version of "Defendants' Reply to Plaintiff's 'Response in Opposition to Defendants' Motion to Dismiss'"* (Document 16) and *Memorandum of Law in Support* (Document 17).   Therein, the parties seek to seal several exhibits.   Each of the identified exhibits are documents from *David A. Barnette and Karl L. Hamm, et al. v. Christopher M. Ayash, et al.*, No. 13-C-246, which was filed in the Circuit Court of Kanawha County, West Virginia, on February 6, 2013.   The entirety of that case between the parties was placed under seal by the Kanawha County Circuit Court by an order entered on June 7, 2013.   In the motions, the parties request that materials sealed by the Kanawha County

Circuit Court also be filed under seal in this Court to prevent violating the state court's order. None of the motions are opposed.

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). Under the common law, "[t]he trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (noting factors may include "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records"). District courts have discretion to determine "whether to grant or restrict access to judicial records or documents" based on the facts and circumstances of the case. *Virginia Dep't of State Police*, 386 F.3d at 575.

In contrast, the First Amendment protects a more narrow range of documents, but "[w]hen the First Amendment provides a right of access, a district court may restrict access only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id.* (internal quotation marks omitted). "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." *Id.*

Courts distinguish between documents used in discovery "which is ordinarily conducted in private" and documents attached to a dispositive motion, which "adjudicates substantive rights and

serves as a substitute for a trial." *Rushford v. New Yorker Mag., Inc.* 846 F.2d 249, 252 (4th Cir. 1988). "To determine whether the First Amendment provides a right to access . . . , we employ the 'experience and logic' test, asking: (1) whether the place and process have historically been open to the press and general public, and (2) whether public access plays a significant positive role in the functioning of the particular process in question." *In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 291 (4th Cir. 2013) (internal quotation marks and citations omitted). The common law right of access is applicable to all "judicial records" that were "filed with the objective of obtaining judicial action or relief." *Id.*

After determining whether the common law or First Amendment provides the right of access, a district court "must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." *Virginia Dep't of State Police*, 386 F.3d at 576. "Notifying the persons present in the courtroom of the request to seal or docketing it reasonably in advance of deciding the issue is appropriate" to provide public notice. *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

The Court has reviewed the documents the parties request to be filed under seal. Each document is or refers to information sealed by the Circuit Court of Kanawha County in the 2013 lawsuit. The case before this Court concerns a distribution from a living trust. The trust property is divided between the settlor's descendants and is administered by two trustees. The public's interest in this case is limited, as it concerns a distribution of private assets to the settlor's descendants. Generally, trusts and trust documents do not need court approval for creation or

management. Trusts, particularly those created by a grantor for their descendants, are typically private and not available to the general public's inspection. Further, the distribution of trust assets is not positively aided by public access. The public has been on notice since December 20, 2024, that the parties requested to seal documents pertaining to the 2013 lawsuit and the trust. There has been a reasonable opportunity for the public to challenge the sealing of these documents and the sealed status of the 2013 lawsuit. No such challenge has been made. Mr. Ayash's privacy interest in his financial affairs is also a compelling interest that outweighs the public's potential interest in accessing the case. For these reasons, the Court finds it appropriate to seal any document or information in the parties' briefs related to the underlying lawsuit and trust at issue.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendants' Motion to File Under Seal Certain Documents to be Attached to "Defendants' Motion to Dismiss Plaintiff's 'Complaint,' or, in the Alternative, for Summary Judgment in Favor of Defendants"* (Document 7), the *Plaintiff's Motion to File Under Seal* (Document 10), and the *Defendants' Motion to File Under Seal Unredacted Version of "Defendants' Reply to Plaintiff's 'Response in Opposition to Defendants' Motion to Dismiss'"* (Document 16) be **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: January 13, 2025

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA